1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERREN SIMPSON AND VICTORIA SIMPSON, | ) 1:07cv1304 AWI DLB<br>)<br>)<br>) FINDINGS AND RECOMMENDATION<br>) REGARDING PLAINTIFFS' MOTION FOR<br>) DEFAULT JUDGMENT<br>)<br>) (Document 24)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

9
10
11     Plaintiffs,
12
13     v.
14  AAPEX FINANCIAL GROUP, INC., et al.,
15
16     Defendants.
17

18      Plaintiffs Terren D. Simpson and Victoria Simpson ("Plaintiffs") filed the instant motion

19  for default judgment on July 21, 2008.  The motion was heard on August 1, 2008, before the

20  Honorable Dennis L. Beck, United States Magistrate Judge.  Shane Reich appeared on behalf of

21  Plaintiff.  Defendant Aapex Financial Group Inc. ("Aapex") did not appear.  The motion was

22  referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

23                                          **BACKGROUND**

24      On September 6, 2007, Plaintiffs filed this complaint for breach of contract/fiduciary

25  duties; fraud; violation of the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. §

26  2601, et seq.; and unfair business practices in violation of California Business and Professions

27  Code § 17200, et. seq., against Defendants Aapex, Mike Coen and Jacob Schumaker

28

1

1 ("Defendants").  Plaintiffs voluntarily dismissed defendants Mike Coen ("Mr. Coen") and Jacob

2 Schumaker on June 20, 2008.

3      Becky Degeorge, agent for Aapex,  was personally served with the Complaint on

4 September 24, 2007.

5      On June 24, 2008, the Clerk entered default as to Aapex.

6      Plaintiff filed this motion for default judgment on July 21, 2008 seeking default judgment

7 in the amount of $63,877.29.  Aapex has not filed an opposition or otherwise appeared in this

8 action.[1]

9          **FACTS AND CAUSES OF ACTION ALLEGED IN THE COMPLAINT**

10      Plaintiffs contend that on or about August 14, 2006, Aapex, through Mr. Coen, began

11 contacting them and offering to acquire a loan for them, secured by their residence.  Mr. Coen

12 represented to Plaintiffs that the loan would be in their best interests, they would be in a better

13 financial position and that they could not obtain better financing.  Mr. Coen represented that he

14 could provide a loan with a fixed interest rate at 6.5% or lower, with payments less than $1,400

15 per month.  After making these initial representations, Mr. Coen told Plaintiffs that they would

16 have to acquire a temporary loan (a "one-time payment loan") for one month in order to improve

17 their credit and then Mr. Coen would place Plaintiffs in a loan on the terms initially quoted, at no

18 cost to Plaintiffs.

19      Thereafter, Mr. Coen arranged for Plaintiffs to obtain a loan with Southstar Funding,

20 LLC.  The loan closed on September 7, 2006.  The loan had a much higher interest rate than the

21 one originally quoted and had extremely high fees payable to Aapex that were not based on work

22 actually performed by Aapex.  Additionally, Plaintiffs contend Aapex received a substantial yield

23 spread premium ("YSP") that was not adequately disclosed and which they were not aware until

24 months after the loan closed.  Plaintiffs contend Mr. Coen verbally assured them that the high

25 fees and high variable interest rate would be corrected a month later when he would transfer them

26

27 ─────────────

28      [1]Aapex agent for service was served with the motion by United States Mail on July 21, 2008 at the
following address: 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833.

into a better loan consistent with the terms initially quoted.  Plaintiffs contend the loan was not in their best interests and was beyond their means to pay.

      In the first claim for breach of contract/breach of fiduciary duties, Plaintiffs contend Defendants voluntarily undertook fiduciary duties to Plaintiffs when they contracted to be their mortgage broker and when they made representations as described above.  Plaintiffs contend Defendants breached their fiduciary duties to Plaintiffs by failing to perform as promised and breaching their express contract to provide a loan according to the promised terms.  Plaintiffs contend the same conduct forms the basis for their second claim of fraud.

      In the third claim for violation of REPSA's Antikickback provision, 12 U.S.C. § 2607, Plaintiff alleges that Defendants violated RESPA by charging and accepting fees in the amount of $13,529.92 which were unearned, duplicative, unreasonable and unconnected to any actual services performed.

      In the fourth claim, Plaintiffs contend Defendants' conduct was an unfair business practice under California Business and Professions Code Section § 17200 and therefore Plaintiffs are to restitution of the monies paid to Aapex.

      Plaintiffs allege they have been damaged in an amount "according to proof in excess of $75,000.00."

**MOTION FOR DEFAULT JUDGEMENT**

      In their motion for default judgment, Plaintiffs contend Aapex charged and accepted unearned fees in the amount of $13,529.92 consisting of origination fees in the amount of $7,099.00; Mortgage Broker Fees in the amount of $2,655.00; processing fees in the amount of $999.00; and a YSP"[2] in the amount of $2,776.92.  Plaintiffs also contend they paid other fees of $2,141.00 associated with the loan.  Under RESPA, Plaintiff's contend they are entitled to three times the amount Aapex received in unearned fees ($13,529.92) or $40,589.76.  12 U.S.C. §2607(d).

---

[2] A YSP is a fee paid by mortgage lenders to mortgage brokers based on the difference between the interest rate at which the broker originates the loan and the par, or market rate offered by the lender.  Schuetz v. Banc One Mortg. Corp., 292 F.3d 1004 (9th Cir. 2002).

1    In his declaration in support of default judgment, Mr. Simpson states that as a result of

2    Defendants' conduct, they have now lost their home.  Declaration of Terren Simpson in Support

3    of Default Judgment ("Simpson Declaration"), ¶ 10.  While in their home, they ran a day care

4    center where they averaged approximately $2,500.00 in net profits.  Simpson Declaration, ¶ 13.

5    As a result they have lost $2,500.00 per month since February 2008 and they will not be able to

6    restart the business until they have a suitable home, which will not occur for at least 5 months.

7    _Id._  Thus, Plaintiffs contend they have out of pocket losses of $25,000.00.

8    Plaintiffs also request punitive damages in the amount of $20,000.00, as well as attorneys

9    fees in the amount of $2,825.00 and costs in the amount of $381.37.  *See* Declaration of Shane

10   Reich in Support of Default Judgment, ¶ 5.

11   **DISCUSSION**

12   **A.    Legal Standard**

13   Plaintiff moves for entry of default judgment pursuant to Federal Rule of Civil Procedure

14   55(b)(2), which provides that judgment may be entered:

15   By the Court.  In all other cases the party entitled to a judgment by default
     shall apply to the court therefor; but no judgment by default shall be entered
16   against an infant or incompetent person unless represented in the action by a
     general guardian, committee, conservator, or other such representative who has
17   appeared therein. If the party against whom judgment by default is sought has
     appeared in the action, the party (or, if appearing by representative, the party's
18   representative) shall be served with written notice of the application for judgment
     at least 3 days prior to the hearing on such application. If, in order to enable the
19   court to enter judgment or to carry it into effect, it is necessary to take an account
     or to determine the amount of damages or to establish the truth of any averment
20   by evidence or to make an investigation of any other matter, the court may
     conduct such hearings or order such references as it deems necessary and proper
21   and shall accord a right of trial by jury to the parties when and as required by any
     statute of the United States.

22   "Upon default, the well pleaded allegations of the complaint relating to liability are taken

23   as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th

24   Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Thus, "[a]t

25   the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed

26   admitted."  10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

27

28

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Aapex was served with the complaint on September 24, 2007.  The Clerk entered default on June 24, 2008.

**B.	Plaintiff's Claims**

Based on the conduct described above, Plaintiffs seeks to recover damages against Defendant Aapex for breach of contract, fraud and unfair business practices as well as statutory damages for violation of RESPA's Antikickback provision.

RESPA's Antikickback provision provides "No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."  12 U.S.C. § 2607(a). Section (c)(2) provides:  "Nothing in this section shall be construed as prohibiting ... the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed ...."  12 U.S.C. § 2607(c)(2).  12 U.S.C. § 2607 (d)(2) provides that any "person or persons who violate the prohibitions or limitations of this section shall be jointly and severally liable to the person or persons charged for the settlement service involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service."  In a private action brought pursuant to RESPA, the court may award the prevailing party costs and reasonable attorneys fees.  12 U.S.C. §2607 (d)(5).

Plaintiff's claims are sufficiently pled and well supported.  However, in order to recover punitive damages against Aapex based on the conduct of Mr. Coen, Plaintiffs must show that an officer, director or managing agent of Aapex had advance knowledge that the employee was

1  likely to engage in the conduct; authorized or ratified the wrongful acts; or was personally guilty

2  of the wrongful acts.  Cal.Civ.Code § 3294(b).  Plaintiffs have not alleged facts sufficient to

3  support an award of puntive damages against the corporation.

4        Based on the foregoing and having read and considered the declarations, pleadings and

5  exhibits to the present motion, the Court finds that Plaintiff's motion should be granted in part as

6  discussed herein.

7  **<u>RECOMMENDATION</u>**

8        For the reasons discussed above, the Court RECOMMENDS that:

9  1.      Plaintiffs' motion for default judgment in favor of Plaintiffs and against

10         Defendant AAPEX be GRANTED;

11  2.      Plaintiffs are awarded damages in the amount of $68,796.13 as follows:

12          a.     Out of pocket losses in the amount of $25,000.00;

13          b.     Statutory damages pursuant to 12 U.S.C § 2607 (d)(2) in the

14              amount of $40,589.76; and

15          c.     Attorneys' fees in the amount of $2,825.00; and costs in the

16              amount of $381.37.

17        This Findings and Recommendation are submitted to the Honorable Anthony W. Ishii,

18  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

19  and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern

20  District of California.  Within thirty (30) days after being served with a copy, any party may file

21  written objections with the court and serve a copy on all parties.  Such a document should be

22  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will

23  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

24  Advised that failure to file objections within the specified time may waive the right to appeal the

25  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26       IT IS SO ORDERED.

27  **Dated:**   **August 11, 2008**            **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

28